UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA,

                        Plaintiff,

            -against-

HARLEYSVILLE WORCESTER INSURANCE
COMPANY,

                        Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), by its attorneys, Reid and Associates, as and for its Complaint for Declaratory Judgment against Defendant, HARLEYSVILLE WORCESTER INSURANCE COMPANY ("Harleysville") alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Harleysville is obligated to defend and to indemnify J.T. Magen & Company Inc., NBCUniversal Media, LLC and Tishman Speyer Properties, L.P. (collectively the "Tort Defendants"), in connection with an underlying action asserting claims for bodily injury allegedly sustained by the underlying plaintiff, Robert Woodward (the "Claimant").

### Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Harleysville was and is a Pennsylvania Corporation with a principal place of business in the state of Pennsylvania.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Harleysville.

7. Travelers has no adequate remedy at law.

## Insurance Policies

8. Travelers issued to J.T. Magen & Company, Inc. ("Magen") a policy of Commercial General Liability insurance bearing policy number VTC2J-CO-828K6622-TIL-14 with effective dates of 09/30/2014 to 09/30/2015 (the "Travelers Policy").

9. The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. The Travelers Policy contains excess "other insurance" clauses that provide that coverage under the Travelers Policy is excess over any other coverage available to Magen where added as an additional insured.

11. Defendant Harleysville issued to Atlas-Acon Electric Service Corp. ("Atlas") a Commercial General Liability Policy bearing policy number MPA00000040522P with a policy period of November 1, 2014 to November 1, 2015 (the "Harleysville Policy").

12.     Upon information and belief, the Harleysville Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13.     By endorsement (MCG-0016), the Harleysville Policy provides if required by written contract or agreement, any additional insured coverage provided will be primary and noncontributory to other valid and collectible insurance.

14.     Upon information and belief, by endorsement (CG7254 12/10), the Harleysville Policy provides as follows:

> **BLANKET ADDITIONAL INSURED – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**
> \*\*\*
>
> A. **Section II – Who Is An Insured** is amended to include as an insured any person or organization for whom "you" are performing operations, only as specified under a written contract or agreement that requires such person or organization be added as an additional insured on "your" policy. Such person or organization is an additional insured only with respect to liability caused, in whole or in part, by the acts or omissions of the "Named Insured", or those acting on behalf of the "Named Insured", in the performance of the "Named Insured's" ongoing operations for the additional insured only as specified under the "written contract." . . . .
>
> \*\*\*

## Background Facts

15.     Magen entered into a contract, dated January 2, 2014, with NBCUniversal Media, LLC ("NBCUniversal") for a Lobby/Stair Renovation Project at 30 Rockefeller Plaza, 1st and 2nd Floors, New York, NY 10112 (the "Site").

16.     Thereafter, Magen and Atlas entered into a Purchase Order, dated 2/12/2015, for a project identified as NBC – Lobby/Stair Renovation, 30 Rockefeller Plaza, 1st and 2nd Floors, New York, NY 10112 (the "Purchase Order"). A true and correct copy of the Purchase Order is attached as Exhibit A.

17. The Purchase Order calls for Atlas to obtain liability insurance and that:

> 17. [Atlas] will submit project specific insurance documents including but not limited to specified endorsements, (ISO Forms CG 20 10 10 01 or CG 20 33 10 01 and CG 20 37 10 01) or their equivalent specifically naming JTM, Owner, their officers, directors, agents and employees, Building Owner, Landlord, Managing Agent, Lender and all applicable indemnities, if any, their respective agents, officers, directors, employees and partners (hereinafter collectively 'Indemnitees') as an additional insured afforded on a primary and non-contributory basis under all liability coverages. . . .
>
> 20. [Atlas] shall obtain and maintain additional insured status on a primary and non-contributory basis" irrespective of any other insurance, where collectible or not, and will not require contribution by JTM, Owner, their officers, directors, agents and employees, Building Owner, Landlord, Managing Agent, Lender and all applicable additional indemnities if any, their respective agents, officers, directors, employees and partners and any other Indemnities insurance policies, for all liability coverage's set forth; . . . B.) Commercial General Liability Insurance providing coverage in no case less than or more restrictive than the current edition of the Insurance Service Office (ISO) form CG 00 01 or its equivalent. Limits not less than $2,000,000 per occurrence Bodily Injury and Property Damage Combined . . . . JTM, Owner, their officers, directors agents and employees, Building Owner, Landlord, Managing Agent, Lender and all applicable additional indemnities if any, their respective agents, officers, directors, employees and partners and any other Indemnitees shall be named as an additional insured by endorsement (ISO Forms CG 20 10 10 01 or CG 20 33 10 01 and CG 20 37 10 01) or their equivalent.

18. Pursuant to the terms of the Purchase Order, Atlas was to perform certain electrical work at the Site.

19. The Claimant was allegedly in the course and scope of his employment for Atlas at the Site when he sustained injuries in a trip and fall over the lip in the floor created for laying tile inlay.

20. Atlas claims that prior to the Claimant's alleged fall, Atlas was aware of the subject defect in the floor and advised Magen of the condition and its danger.

21. The Claimant has asserted claims in a lawsuit against the Tort Defendants in an action pending before the Supreme Court of the State of New York County of New York and assigned index number 156960/2017 (the "Underlying Action"), attached hereto as Exhibit B.

22. In the Underlying Action, the Claimant alleges, *inter alia*, that he sustained injuries as a result of the work at the Site.

23. In the Claimant's bill of particulars, he states that when he, "while carrying a box of materials, was forced to crouch down and walk under a scaffold that was positioned in the doorway, in order to access his work area and while doing so, bumped his head on a portion of the scaffold, while at the same time, stepping into a 6" to 8" deep trench measuring approximately 8' wide and 60' to 80' long. As a result of the elevation difference and hitting his head, plaintiff lost his balance and fell."

24. Travelers is defending the Tort Defendants in the Underlying Action.

25. In the Underlying Action, the Claimants seek to impose liability on the Tort Defendants for alleged bodily injury which was caused in whole or in part by the acts or omissions of Atlas.

## Tender to Harleysville

26. The Tort Defendants qualify as additional insureds under the Harleysville Policy.

27. By correspondence dated December 7, 2015, Travelers timely tendered the Claimant's claim.

28. By e-mail correspondence dated August 30, 2017, Travelers tendered the defense and indemnification of the Tort Defendants as to the Underlying Action. A copy of the e-mail correspondence is attached hereto and incorporated herein as Exhibit C.

29. By letter dated September 5, 2017, Harleysville rejected Travelers' tender. A copy of the correspondence from Harleysville is attached hereto and incorporated herein as Exhibit D.

30. Despite repeated requests, Harleysville has nonetheless failed and refused to provide reimbursement for defense costs or assume the Tort Defendants' defense in connection with the Underlying Action.

31. Accordingly, Travelers seeks a declaration that Harleysville has an obligation to defend and indemnify the Tort Defendants additional insureds; that the coverage provided by the Harleysville Policy is primary; and that the obligations of Travelers to the Tort Defendants in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Harleysville Policy.

32. In addition, Travelers seeks an award at law and in equity against Harleysville for recovery of all sums Travelers has incurred and continues to incur in the defense of the Tort Defendants in the Underlying Action because the coverages provided by the Harleysville Policy are primary to any coverage provided by Travelers.

## **Claim for Declaratory Relief**

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Harleysville Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Harleysville Policy have been complied with and met.

3. Declaring that the alleged incident and Underlying Action fall within the coverage afforded by the Harleysville Policy.

4. Declaring that Defendant Harleysville owes a duty to defend the Tort Defendants in connection with the Underlying Action.

5. Declaring that Defendant Harleysville owes a duty to indemnify the Tort Defendants in connection with the Underlying Action.

6. Declaring that Defendant Harleysville's coverage obligations to the Tort Defendants in connection with the Underlying Action are primary.

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Harleysville with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Harleysville with respect to Harleysville's duty to defend and to indemnify the Tort Defendants in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Harleysville for all sums Travelers has paid in defending the Tort Defendants as to the Underlying Action.

10. Granting such other and further relief as the Court may deem just and proper.


Dated: Hartford, Connecticut
       March 16, 2022

RESPECTFULLY SUBMITTED:

PLAINTIFF
Travelers Property Casualty Company of America,


By: ___*/s/Meg R. Reid*_____
Meg R. Reid (#4858510)
REID AND ASSOCIATES
Attorneys for Plaintiff
Main:917-778-6680
Fax: 844-571-3789
Email: mrreid@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address:</u>
485 Lexington Avenue, 6th Floor
New York NY 10017